Entered on Docket
March 22, 2012
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

The following constitutes
the order of the court. Signed March 14, 2012

M. Elaine Hammond
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                    No. 10-43336 MEH
                                         Adv. No. 11-04285 AH
NEELAM BALA RAI, fdba
KRISHNA COPY AND PRINT,

               Debtor.     /
REAL TIME RESOLUTIONS, INC.,

               Plaintiff,
vs.

NEELAM BALA RAI et al.,

               Defendants.  /

MEMORANDUM DECISION

    Defendant Neelam Bala Rai, the above debtor ("Rai"), moves the court for an award of attorney's fees as the prevailing party in the underlying adversary proceeding in the amount of $10,840. The court will grant the motion.

A. Background

    The facts necessary to decide the motion are undisputed. On September 7, 2011, Real Time Resolutions, Inc. ("Real Time") filed a complaint, essentially seeking a determination that its lien is senior

Decision

to defendant Bank of New York Mellon's ("Mellon Bank") lien.

The complaint alleged two causes of action. In the first claim for relief plaintiff requested an order declaring Real Time as the senior lienholder. Plaintiff alleged that Rai fraudulently obtained a valuation order entered on August 2, 2010 by misrepresentations as to the priority of the lien of Real Time's predecessors in interest, Countrywide Home Loans, Inc. ("Countrywide") and Bank of America. The valuation order provided that Bank of America's lien on Rai's residence is valued at zero.

The second cause of action sought relief on the basis that Real Time was not properly served with the motion to value, violating its right to be heard, and damaged by Rai's assertions that Real Time was not the holder of the senior lien on the property.

In response to the complaint, Rai filed a motion to dismiss on November 10, 2011 pursuant to Fed. R. Civ. P. 12(b)(6), made applicable by Fed. R. Bank. P. 7012(b).

(1) <u>Dismissal of the Complaint</u>

By its decision entered December 19, 2011, the court granted Rai's motion to dismiss and discussed the underlying facts in detail. They are hereby incorporated.

In the decision the court noted that the parties concur that the relative priority of the respective deeds of trust is an issue of California law, "and that Real Time stands in the shoes of its predecessors in interest Countrywide/Bank of America for purposes of the lien priority issue." *Decision*, p.5.

Further, the court determined that "under California

Decision                                    2

law, if a senior lienholder elects to make optional advances to its borrower on the security of its senior deed of trust, and at the time of such optional advances, has actual notice of other liens, then such other liens have priority over the liens securing any such optional advances." *Id*. In making this determination the court relied on *Pike v. Tuttle*, 18 Cal.App.3d 746, 751 (1971) and *Imhoff v. Title Ins. & Trust Co.*, 113 Cal.App.2d 139, 143 (1952).

Thus, holding that under applicable California law Real Time's lien is clearly junior to Mellon Bank the court dismissed the complaint for failure to state a claim upon which relief can be granted.

(2) <u>Request for Attorney's Fees</u>

Following the court's decision and order dismissing the adversary proceeding, Rai brought a motion for attorney's fees. Rai's motion is based on the position that it is the prevailing party on an action based on a contract and entitled to an award of attorney's fees pursuant to the California Code of Civil Procedure provisions authorizing attorney's fees subject to the agreement of the parties and allowable as costs when authorized by contract. Cal. Civ. Proc. §§ 1021, 1033.5(a)(10)(A). Rai further asserts that the Deed of Trust and Credit Line Agreement provide attorney's fee provisions, made applicable to the prevailing party pursuant to California Civil Code § 1717. Rai requested attorney's fees in the amount of $10,840.

Real Time opposed the request for attorney's fees on the basis that an action to value a secured claim under Bankruptcy Code § 506 is not an action on a contract, and therefore Cal. Civ. Code § 1717 is not applicable. It further argued that the fee request was not reasonable,

Decision 3

Case: 11-04285 Doc# 54 Filed: 03/14/12 Entered: 03/22/12 12:54:54 Page 3 of 9

and in the alternative, that any set off should be offset against its allowed unsecured claim.

B. <u>Discussion</u>

(1) <u>Action on a Contract</u>

The Ninth Circuit Court of Appeals has held that a prevailing party in [bankruptcy] litigation may recover attorney's fees under applicable state law, if state law governs the substantive issues raised in the proceeding. *Ford v. Baroff* (*In re Baroff*), 105 F.3d 439, 441 (9th Cir. 1997). In an action on a contract, state law necessarily controls. Therefore, the prevailing party in a contract action is entitled to an award of attorney's fees, if the contract so provides. *See Johnson v. Righetti* (*In re Johnson*), 756 F.2d 738, 741 (9th Cir. 1997).

California Civil Code § 1717 states that if a contract provides for an award of attorney's fees to one party, then the prevailing party to a dispute on the contract is entitled to recover attorney's fees, regardless of whether it is the party specified in the contract.

In filing this adversary proceeding, Real Time sought a determination that its lien was senior in priority to the lien of Mellon Bank, and that Rai had committed fraud in asserting otherwise. Real Time relied on its rights as set forth in the Deed of Trust and Credit Line Agreement with Rai, both of which were attached as Exhibit A to its complaint.

With respect to the attorney's fees issue, the Credit Line Agreement provides:

Decision                                4

> Cost of Collection. Subjects to any limits of applicable law, [borrower] must pay for [lender's] reasonable and actual costs of collection, or foreclosure such as . . . reasonable attorney's . . . fees.

Credit Line Agreement, paragraph 16.

Moreover, the Deed of Trust states in relevant part:

> TO PROTECT THE SECURITY OF THIS DEED OF TRUST, TRUSTOR AGREES: To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Lender or Trustee, and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which the Lender or Trustee may appear, and in any suit brought by Lender to foreclose this Deed of Trust . . . .

Deed of Trust, paragraph 2(c).

The parties do not dispute that if this matter is an action on a contract, then Cal. Civ. Code § 1717 authorizes attorney's fees to the prevailing party. Nor could Real Time argue otherwise based on the provision in the Deed of Trust authorizing for attorney's fees in any "proceeding purporting to affect . . . the rights or power of Lender."

Both the Bankruptcy Appellate Panel for the Ninth Circuit and a bankruptcy court of this district previously have held that actions to determine the relative priorities of competing security interests are actions on a contract. *Sec. Nat'l. Guar. v. Shores LLC (In re Sec. Nat'l Guar., Inc.)*, 2007 WL 2462124, *6 (Bankr. N.D. Cal. 2007) ("An action seeking a declaration of rights based on an agreement constitutes an action on the contract for purposes of Civil Code § 1717."). *All-Tex, Inc. v. Branford Partners, LLC (In re Branford Partners)*, 2008 WL 8444795, *6 (BAP 9th Cir. 2008) (quoting *Sec. Nat'l. Guar.*). The court finds these decisions persuasive and consistent with a California appellate court decision regarding priority of interests

Decision                               5

between parties. *Texas Commerce Bank-El Paso, N.A. v. Garamendi*, 28 Cal. App. 4th 1234, 1239-40 (Cal. Ct. App. 1994) (finding attorney's fees appropriate in statutory and declaratory relief action determining priority of parties interest in insurance company placed in conservatorship).

In order for Real Time to be able to obtain the relief requested in the complaint, the court was first required to determine the nature and extent of Real Time's lien as compared to Mellon Bank. Real Time's request for damages against Rai necessarily flowed from the determination of the lien holders' relative rights. Conversely, the court's dismissal of the complaint necessarily followed its finding that Real Time's lien was junior to that of Mellon Bank. The relationship between the contract and the priority determination is underscored by the fact that Judge Jellen quoted from several provisions of the Credit Line Agreement in determining that advances made after October 3, 2005 were optional advances. Accordingly, this court finds that the action seeking to determine the priority of Real Time's rights under the Deed of Trust and Credit Line Agreement is an action on the contracts and that the contracts authorize an award of attorney's fees in this adversary proceeding affecting the rights of Real Time.

(2) <u>Prevailing Party</u>

California Civil Code §1717(b) states that the party prevailing on a contract is the "party who recovered a greater relief in the action on the contract." When a decision "is purely good news for one party and bad news for the other - the Courts of Appeal have recognized

Decision 6

that a trial court has no discretion to deny attorney fees to the successful litigant." *Otay River Constructors v. San Diego Expressway*, 158 Cal. App.4th 796, 806 (2008) (citations omitted); *see Hsu v. Abbara*, 9 Cal. 4th 863, 876 (1995).

Rai's motion to dismiss was granted in its entirety and both counts of the complaint were dismissed as a result of the decision. Rai is clearly the prevailing party.

(3) <u>Attorney's Fees Award</u>[1]

The court reviewed the statement of fees incurred on behalf of Rai, attached as Exhibit T to the motion, and the supplemental declaration regarding fees, filed February 27, 2012. Based on this review, and the court's experience in bankruptcy litigation fees, the court finds the hourly rates charged and time incurred in prosecuting this matter reasonable. Rai shall be entitled to an award of attorney's fees in the amount of $10,840[2].

---

[1] The following discussion constitutes the court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052(a).

[2] In reviewing the time records, the only time entries questioned by the court are attorney's fees for Jared Matheson for research on October 20 and 21, 2011, that focused on the related issues of revocation of confirmation of the Chapter 13 plan. For the purpose of evaluating the fees, the court reduced the time for October 20, 2011 from 3.7 hours to 1.9 hours, and for October 21, 2011 from 2.8 hours to 1.0. This resulted in a reduction of $360 to the fees requested. However, Rai's motion already applies a reduction of the fees incurred from $11,457.50 to $10,840. This voluntary reduction is greater than the reduction the court would apply. Therefore, fees are awarded in the amount requested.

Decision 7

(4) <u>Request for Setoff</u>

In the alternative, Real Time requests that any attorney's fee award be offset against its claim in the case. However, Real Time provides no support for this position. The court finds that providing for an offset of the attorney's fees award against a claim in the case is counter to the purpose intended in authorizing attorney's fees. The United States Supreme Court saw it as "self-evident" that "reasonable attorney's fees provided for by statute should compensate" for "the work product of attorneys." *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 285 (1989). "The point of an award of attorney's fees, after all, is to enable a prevailing litigant to pay her attorney." *Astrue v. Ratliff*, 130 S. Ct. 2521, 2530 (2010) (denying attorney's fees to be offset against litigant's debt to the government to not undercut Equal Access to Justice Act's purpose). Therefore, the request for offset is denied.

C. <u>Conclusion</u>

For the reasons discussed above, the court will grant Rai's motion for attorney's fees, and further directing that payment on the attorney's fee award shall be made jointly to Rai and his counsel, Robert Diener. Mr. Diener shall be authorized to reimburse Krishana Kumari for legal fees paid on behalf of Rai, in the amount of $5,772.

The court is concurrently entering an order awarding attorney's fees to Rai for the reasons set forth in this Memorandum Decision.

\*\*END OF MEMORANDUM DECISION\*\*

Decision  8

COURT SERVICE LIST

Melissa A. Vermillion
Law Offices of Prober and Raphael
20750 Ventura Blvd. #100
Woodland Hills, CA 91364

S. Robert Diener
Law Offices of S. Robert Diener
3050 Shattuck Ave.
Berkeley, CA 94705

Decision    9